Kevin G. Little (SBN 149818)
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinglittle.com

Anthony P. Capozzi (SBN 68525)
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W Shaw Avenue, Suite 102
Fresno, California 93711
Telephone: (559) 221-0200
Facsimile: (559) 221-7997
E-Mail: anthony@capozzilawoffices.com

Attorneys for Plaintiffs Universal Meditech Inc. and David He

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

| | |
|---|---|
| UNIVERSAL MEDITECH, INC., a California corporation; DAVID HE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REEDLEY; BUILDING OFFICER JEREMY HARRISON; CODE ENFORCEMENT OFFICER JESALYN HARPER; FIRE CHIEF JEFFREY ISAAK; COUNTY OF FRESNO; ASSISTANT PUBLIC HEALTH DIRECTOR HUMBERTO PRADO; FDA-OCI SPECIAL AGENT JEFFREY MAURICE; FDA-OCI SPECIAL AGENT MARIDEHL MATHER; UNKNOWN GOVERNMENT OFFICIALS<br><br>Defendants. | Case No.: 1:24-cv-00528-JLT-EPG<br><br>*Assigned to: The Hon. Jennifer L. Thurston*<br><br>**PLAINTIFFS' OPPOSITION TO THE MOTIONS TO DISMISS FILED BY THE CITY OF REEDLEY AND COUNTY OF FRESNO DEFENDANTS; ALTERNATIVE REQUEST FOR LEAVE TO AMEND**<br><br>Complaint Filed: MAY 6, 2024 |

TO THE HONORABLE COURT:

Plaintiffs Universal Meditech, Inc. and David He, through their undersigned counsel, hereby submit this opposition to the motions to dismiss filed by defendants City of Reedley, Building Officer Jeremy Harrison, Code Enforcement Officer Jessalyn Harper and Fire Chief

Jeffrey Isaak ("the City of Reedley Defendants") and also by defendants the County of Fresno and Assistant Public Health Director Humberto Prado ("the County of Fresno Defendants").

Plaintiffs base their opposition on the within points and authorities, as well as any additional evidence and argument that may be presented in connection with this motion, and also the Court's file in this matter.

Alternatively, Plaintiffs alternately request leave to file an amended pleading, as permitted by Federal Rule of Civil Procedure 15.

## STANDARD OF REVIEW

The Reedley and County of Fresno Defendants invoke Federal Rules of Civil Procedure 12(b)(6) in their motions.

Generally, the federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). A pleading is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). The required "short and plain statement" must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The Supreme Court has more recently clarified that a federal complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Even after *Twombly* and *Ashcroft*, however, a plaintiff need not plead a *prima facie* case in his complaint. *Swierkiewicz*, 534 U.S. at 514–515; *see also Starr v. Baca*, 652 F.3d 1202, 1216-1217 (9th Cir. 2011) (reaffirming *Swierkiewicz*'s continuing validity). "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts." *Starr v. Baca*, 652 F.3d at 1212.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc*., 795F.3d 1062, 1065 (9th Cir. 2015). The district court's consideration of a Rule 12(b)(6) motion to dismiss is limited to considering the allegations in the complaint. *Leite v. Crane Co*., 749 F.3d 1117, 1121-22 (9th Cir. 2014); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). All of the complaint's factual allegations are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth*.,540 F.3d 916, 919 (9th Cir. 2008). Except as otherwise required under the limited circumstances inapplicable here, facts need only be alleged generally, and the court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. & Dev. Corp*., 358 F.3d 1097, 1106 (9th Cir. 2004). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

Of course, a court considering a 12(b)(6) motion does not have "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d1049, 1056-57 (9th Cir. 2008). Legal conclusions also need not be accepted. *Sprewell v. Golden State Warrio*rs, 266 F.3d 979, 988 (9th Cir. 2001). The Court also is not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice. *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d1251, 1254 (9th Cir. 2013).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. *See Chaset v. Fleer/Skybox Int'l*, 300F.3d 1083, 1087-1088 (9th Cir. 2002); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

**ARGUMENT**

Defendants ask this Court to dismiss the First Amended Complaint ("FAC") by (1) misstating the well-established pleading standard for judicial deception claims; (2) ignoring the specific factual allegations that cure the deficiencies identified in the Court's prior order; (3) asking the Court to resolve factual disputes and weigh evidence, which is impermissible at the motion to dismiss stage; and (4) improperly challenging the sufficiency of a Monell claim that is pled in the alternative and with more than enough detail to satisfy Rule 8.

Plaintiffs have done exactly what the Court permitted: they have filed a FAC with "new or more specific allegations" about the statements and omissions in the challenged affidavits. (Doc. 33 at 22:11-12). The FAC is not a rehash of old arguments. It meticulously catalogs for each warrant the specific facts that Defendants deliberately or recklessly omitted—facts that, if included, would have painted a complete picture of a lawful, cooperative business and would have undermined any finding of probable cause. At this stage, the Court must accept these allegations as true and draw all reasonable inferences in Plaintiffs' favor. The motions to dismiss should be denied.

I. THE FAC PLEADS A PLAUSIBLE JUDICIAL DECEPTION CLAIM

*A. The FAC Cures the Deficiencies Identified by the Court*

This Court previously granted leave to amend because "the Court cannot exclude the possibility that UMI could make new or more specific allegations about other statements in those affidavits." (Doc. 33 at 22:6-8). The FAC does exactly that. Unlike the original complaint, the FAC now specifies:

KGL

For the Harrison Warrant (March 13, 2023): The affidavit omitted that UMI had repeatedly informed City officials the facility was used solely for storage, had offered to cooperate fully, and had explained its temporary storage situation due to a business dispute. (FAC ¶ 22).

For the Harper Warrant (April 4, 2023): The affidavit omitted that UMI personnel had been providing regular care to the mice, had offered to relocate them, and that any unsanitary conditions were caused by Defendants' own restrictions on UMI's access to the facility. (FAC ¶¶ 26-27).

For the Prado Warrant (June 23, 2023): The affidavit omitted that UMI had proposed a comprehensive plan for safe removal, that UMI was willing to hire licensed contractors, and that federal agencies like the CDC and FDA had not declared an emergency or recommended destruction. (FAC ¶¶ 31, 33).

For the Harper/Isaak Warrant (July 26, 2023): The affidavit omitted that the property was UMI's lawful business assets, that UMI remained willing and able to retrieve them, and that less intrusive means were available. (FAC ¶¶ 36-37).

These are not conclusory labels; they are specific facts that were known to the affiants and deliberately withheld. The FAC thus provides the "who, what, when, where, and how" required by Rule 9(b) for fraud-based claims. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021).

*B. Defendants' Materiality Argument Fails at the Pleading Stage*

The central error in Defendants' motions is their insistence that the omitted facts are immaterial. Defendants ask this Court to make a factual determination about what a magistrate would have done had the affidavits been truthful. This is not a proper inquiry for a motion to dismiss. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083-84 (9th Cir. 2011) (explaining that the materiality inquiry is often a fact-intensive question that must proceed beyond the pleading stage). The Ninth Circuit has consistently held that the "corrected affidavit" inquiry is better suited for summary judgment or trial, not a Rule 12(b)(6) motion where the court must

accept the plaintiff's version of events. *See, e.g., Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (reversing dismissal of judicial deception claim because materiality was a question of fact).

Defendants' reliance on the Court's prior order is misplaced. The Court found that the old complaint failed to state a claim because it did not sufficiently allege materiality. The FAC has now added the very facts—cooperation, offers to cure, less intrusive alternatives—that the Court's own analysis noted were absent. A corrected affidavit that included these facts would plausibly change the probable cause calculus. For instance, a magistrate who knew that UMI had a comprehensive plan to safely remove all biological materials and was actively cooperating would have had no reason to issue a warrant for wholesale destruction. A magistrate who knew that the alleged animal neglect was caused by the government's own restriction of access would have had no reason to issue a warrant for euthanasia. The FAC plausibly alleges materiality.

### *C. Defendants' "Probable Cause Under Other Laws" Argument is Irrelevant*

Defendants argue that probable cause existed under "a variety of laws and regulations" regardless of their alleged misrepresentations. (Fresno County Mot. at 19; Reedley Mot. at 8). This argument is a red herring. The Fourth Amendment requires particularized probable cause for the specific intrusions authorized by each warrant. The issue is not whether a warrant could have issued under some other theory; it is whether the warrant that did issue was based on a materially false and misleading affidavit. The officers cannot justify a warrant for wholesale destruction of property based on electrical code violations. The inquiry is whether, after correcting the affidavit, probable cause would have existed for the seizure authorized by the warrant. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (a warrant must particularly describe the place to be searched and the things to be seized). A corrected affidavit that disclosed UMI's cooperation, its plan for safe removal, and the fact that federal agencies had not declared an emergency would not have supported a warrant authorizing the summary destruction of millions of dollars of biological assets.

II. THE MONELL CLAIM IS ADEQUATELY PLED

*A. The Monell Claim is Within the Scope of the Court's Order*

The Reedley Defendants argue the Monell claim should be stricken because it is a "new theory of liability." (Reedley Mot. at 8-9). This argument is unavailing. The Court's order granted Plaintiffs leave to amend their "first claim." (Doc. 33 at 22:16). The first claim is a § 1983 claim for violation of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights. (FAC ¶¶ 42-55). A Monell claim is not a separate cause of action; it is a theory of municipal liability under the same § 1983 claim. See, e.g., Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (noting that Monell is a theory of liability under § 1983). Plaintiffs are entitled to plead alternative theories. Adding a Monell theory is a proper amendment to the existing § 1983 claim, not the creation of a new one.

*B. The FAC Sufficiently Alleges a Plausible Monell Claim*

To state a Monell claim, a plaintiff need only allege sufficient facts to give fair notice of the basis for municipal liability. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). The FAC meets this standard. It alleges that the City of Reedley had a "de facto policy[], custom[], or practice[] of encouraging or tolerating the use of misleading or incomplete affidavits to obtain warrants." (FAC ¶ 52(a)). It alleges the County had a similar policy of "encouraging or tolerating the use of misleading or inflammatory affidavits to obtain abatement warrants." (FAC ¶ 53(a)). These allegations are supported by the multiple instances of unconstitutional conduct alleged in the FAC, suggesting a pattern or practice. *See Hunter v. County of Sacramento*, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (a plaintiff may establish a policy or custom by showing a "pattern of comparable constitutional violations"). The FAC also alleges failures to train and supervise, which are plausible given the repeated use of deceptive affidavits. (FAC ¶¶ 52(b)-(c), 53(b)-(c)). The Court should deny the motions to dismiss these allegations.

III. LEAVE TO AMEND SHOULD BE GRANTED

Should the Court find that the FAC is still deficient, Plaintiffs respectfully request leave to amend. The Court has already recognized that this case is in its "early stages" and has not

found any bad faith or undue delay. (Doc. 33 at 22:9-13). Plaintiffs are confident they can cure any additional deficiencies the Court may identify. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given when justice so requires). Dismissal with prejudice would be inappropriate at this juncture.

IV. CONCLUSION

For the foregoing reasons, the FAC states plausible claims for judicial deception and municipal liability. The motions to dismiss filed by the City of Reedley Defendants and the County of Fresno Defendants should be denied in their entirety.

Dated: March 25, 2026

LAW OFFICE OF KEVIN G. LITTLE

*/s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiffs Universal Meditech Inc. and David He